## IN THE MATTER OF STEAMBOAT "GLOBE," LANGSTAFF & HULME vs. C. W. HERBERT.

The claim of a clerk upon a boat for wages, is not a statutory lien upon the boat; it is only a personal demand against the owners.

### STATEMENT OF THE CASE.

This steamboat was sold by order of court, and all the lien claims were paid off, leaving a nett surplus for distribution to the legal and proper claimants. Langstaff & Hulme, Philip Rock and Charles W. Herbert, severally filed claims against said surplus.

Steamboat Globe, Langstaff & Hulme vs. Herbert.

Langstaff & Hulme claimed all the surplus by virtue of a deed of trust, dated 18th October, 1849, for $7,400 due from Ward, (the owner of the whole boat, except an interest of $500 belonging to Rock,) to them for money advanced on the building of the boat, no part of which amount secured thereby, has been paid to them.

Herbert claimed by virtue of a promissory note as follows.

"On demand steamboat Globe and owner promise to pay Charles W. Herbert one hundred and twenty-four dollars, for value received of him, this the 20th day of October, A. D. 18.9

D. WARD, Master."

And moved the court, out of the surplus, after payment of the statutory liens, to pay this claim, which motion was granted, after hearing the following evidence :

That the note was in the handwriting of Ward, the master; that Herbert had been clerk from June, 1849 at $75 per month; that Ward had admitted he owed Herbert that amount as clerk's wages; and that after satisfying statutory liens, the surplus was enough to pay Herbert's claim.

Upon these facts Langstaff & Hulme asked the court to declare the law to be that Herbert, was not entitled to any part of said surplus, and to award the whole of said surplus to them, as legally entitled thereto.

This instruction the court refused, and the said Langstaff & Hulme moved for a new trial, because the court refused proper and competent instructions, and because they erred in allowing Herbert's claim on the facts proved. The motion was overruled and an appeal taken.

CROCKETT & KASSON, for appellant.

There was error in permitting the clerk to pursue a claim against the proceeds of the boat. He has no lien by express statute (but to the contrary even) upon the boat; a "fortiori" upon its proceeds in conversion. The claim of Langstaff & Hulme ranked in the 2nd order. Revised Stat., "Boats and Vessels," sec. 1; Ward's note to Herbert did not bind the boat at all, § 30. It was simply the master's private promise to pay.

Langstaff & Hulme alone, of the parties before the court, had a debt which either by statute or by act of the parties was made a lien on the boat, and it was in both substance and form a debt of higher rank than either of the other claims

The clerk tried to make a personal debt of the master good against the proceeds of property which once belonged to the master, and o. cou se cannot do it again-t claims to which this very property was lawfully pledged. There is no warrant in the statute for any such proceedings.

NAPTON, J., delivered the opinion of the court.

After the payment of the liens upon this boat from the proceeds of its sale, there was still a surplus, and the question in this case was, whether the claim of Herbert, the clerk of the boat, should be paid out of the surplus.

The statute requires the surplus to be distributed among the creditors of the boat.

The clerk's wages are not a lien upon the boat under our act; on the contrary they are expressly excepted in the enumeration of liens. Rev. Code, 45, p. 181, sec. 2.

This claim can then be only a personal demand against the owners.

We, therefore, are of opinion that the claim should not have been allowed.    Judgment reversed and cause remanded.